## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

JOHN TIMOTHY MALADY,      )
                                 )
          Plaintiff,        )
                                 )
       v.               )        No. 1:13CV80 SNLJ
                                 )
CORIZON, et al.,          )
                                 )
         Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John Malady (registration no. 43851), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.37. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $16.83, and an average monthly balance of $0.03. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.37, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 and state law for alleged deliberate indifference to his serious medical needs. Named as defendants are Corizon, Dr. Unknown Brademen, Dr. Unknown Stamps, Dr. Michael Hakala, Stephanie Kastings-Novak (nurse), and Jennifer Johnson (medical records clerk).

Plaintiff alleges that before he was incarcerated in the Missouri Department of Corrections he suffered a fractured left hip as a result of an accident. Orthopedic surgeons inserted several screws in his left femur head in repairing the fracture. As a result of the fracture, plaintiff's left leg is one-and-one-half inches shorter than his right leg.

Plaintiff asserts that he has chronic leg and back pain as a result of his injuries. Plaintiff was provided with corrective boots for several years to account for his shortened left leg.  Plaintiff says he has generally been denied sufficient pain medications to control his pain.

Plaintiff brings six claims for relief.  In claim one, plaintiff alleges that Corizon has a policy of denying adequate pain medications and that this policy has caused him significant unnecessary pain.  In claim two, plaintiff alleges that Corizon and defendant Hakala have not allowed him to see an orthopedic specialist for over sixteen years in retaliation for his having filed previous lawsuits.  In claim three, plaintiff alleges that defendants Hakala and Kastings-Novak confiscated his orthopedic boots in retaliation for his having filed lawsuits.  In claim four, plaintiff alleges that defendants Brademen and Stamps deprived him of adequate pain medications, which he had been prescribed, because of Corizon's policies and administration.  In claim five, plaintiff alleges that he has been harmed by defendants because they prescribed him nonsteroidal anti-inflammatory drugs, which raise his blood pressure, instead of adequate pain medications.  And in claim six, plaintiff alleges that defendant Johnson defrauded him of his money when he tried to purchase his medical records from her.

## Discussion

The Court has carefully reviewed each of plaintiff's claims and finds that they should not be dismissed under 28 U.S.C. § 1915(e).  As a result, the Court will order the Clerk to serve process on the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.37 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this <u>28th</u> day of June, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE