# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN TIMOTHY MALADY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:13CV80 SNLJ |
| CORIZON, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on each of plaintiff's pending motions. Each of them will be denied.

1. Motion for Appointment of Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Plaintiff has demonstrated an ability to present his claims to the Court in a rational and coherent manner. The facts of the case, while they involve questions of appropriate medical care, may be presented through the prison medical record and plaintiff's testimony. As a result, the Court will deny the motion to appoint counsel without prejudice to refiling when the facts of the case are more fully developed.

2.  Motion for "Consideration and Appropriate Court Orders"

In this motion, plaintiff claims that he has been denied medical care in retaliation for filing this lawsuit. Plaintiff requests that the Court conduct a "judicial inquiry" into his claims.

The Court is not authorized to conduct investigations. The proper method for plaintiff to seek relief on his new claims is to present the Court with a proposed amended complaint and a motion seeking leave to file an amended complaint. Any amended complaint will replace the original complaint and must contain all of plaintiff's claims. Therefore, the Court will deny this motion.

3.  Motion to Compel Discovery

Plaintiff's motion to compel is premature because the Court has not authorized discovery. See E.D. Mo. L.R. 16 - 5.01, 16 - 5.04 (discovery in prisoner cases may

not take place until Court enters a Case Management Order). The Court will enter a Case Management Order along with this Order. Consequently, the motion to compel will be denied as moot.

4.  Motion to Appoint Medical Expert

The appointment of experts by court under Rule 706 of the Federal Rules of Evidence should be reserved for exceptional cases in which ordinary adversary process does not suffice. E.g., In re Joint Eastern and Southern Districts Asbestos Litigation, 830 F. Supp. 686, 693 (E. & S.D.N.Y. 1993) (citing Fed. R. Evid. 706, Advisory Comm. Note ("experience indicates that actual appointment is a relatively infrequent occurrence")).

As stated above, the facts of this case are unknown to the Court. As a result, it is too early to determine whether the normal adversary process is sufficient for plaintiff to present his case. The motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 32]

**IT IS FURTHER ORDERED** that plaintiff's motion for "Consideration and Appropriate Court Orders" is **DENIED**. [ECF No. 33]

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery is **DENIED** as moot. [ECF No. 36]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint medical expert is **DENIED** without prejudice. [ECF No. 37]

Dated this <u>30th</u> day of October, 2013.

                                                  STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE