# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JOHN TIMOTHY MALADY, | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 1:13-CV-80 SNLJ |
| CORIZON, et al, | ) |
| Defendant(s). | ) |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiff's motion to compel discovery (#52), his motion for appointment of counsel (#51), and his motion to appoint independent medical examiner (#50).

**I.     Motion to Compel (#52)**

Plaintiff complains that defendants responded inappropriately to certain of his requests for admission, interrogatories, and document requests. Plaintiff has claimed in this case that defendants were deliberately indifferent to his serious medical conditions by failing to provide prescription medications, a medical boot, and an orthopedic consult for his hip and spine concerns, and by failing to treat his hypertension. Plaintiff suggests that defendants' failures were motivated by "cost-cutting" measures at the prison.

Under Federal Rule of Civil Procedure Rule 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevancy is broadly construed, and "a request for discovery should be considered

relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." *Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 52 (D. Conn. 2005) (original emphasis). Even if relevant, however, "discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999), quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990). Each category of discovery requests is discussed below.

### A. Requests for Admission

Plaintiff contends defendants provided false and misleading answers to the following Requests for Admissions: 4, 5, 11, 12, 14, 15, 16, 23, 24 and 27. Federal Rule of Civil Procedure 36(a) provides in pertinent part:

> a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matter within the scope of Rule 26(b)(1) relating to: facts, the application of law to fact, or opinions about either.

Fed. R. Civ. P. 36(a)(1)(A). Rule 36 further provides that "a party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4)

With respect to Requests that plaintiff contends were denied falsely, that is not a proper subject for a motion to compel. To the extent plaintiff can prove otherwise, his remedy lies with Federal Rule of Civil Procedure 37(c)(2).

Defendants appear to have responded appropriately to Requests for which they did not have enough information to respond.

### B.   Interrogatories

Plaintiff contends that defendants' responses to Interrogatory Nos. 7, 8, 9, 10, and 20 are false and requests that defendants be "required to provide truthful and accurate answers to these requests." Plaintiff further contends that defendants raised improper objections to Interrogatory Nos. 11, 16, 17, 18, 19 and 20.

Many of defendants' responses included an objection on the grounds that plaintiff's interrogatory called for a narrative response or are overly broad and not reasonably calculated to lead to discovery of admissible evidence. But defendants also answered by citing to specific documents within defendants' document production. The Court finds that such response was proper with respect to the subject interrogatories.

However, the Court must agree with plaintiff with respect to Interrogatory Nos. 16-19. Those interrogatories seek information regarding whether defendants have money invested in Corizon stock or options (Interrogatory No. 16), whether defendant employees receive bonuses for personal investments or cost cutting measures (Interrogatory No. 17), whether there is a policy to cut costs by denying or deferring prescription requests and outside consultation requests (Interrogatory Nos. 18, 19). Defendants do not answer these

interrogatories because they state the questions are overly broad and seek information neither relevant to the subject matter of the litigation nor reasonably calculated to lead to discovery of admissible evidence. However, plaintiff's claim explicitly states that defendants have a financial interest in denying him expensive medical treatment; his complaint even discusses personal investment and "cost-cutting measures." (Doc. #1 at p. 7.) Such information goes to whether defendant Corizon (which is named in addition to individual defendants) had a policy or practice of denying prisoners medical care despite serious medical needs in order to cut costs. Such information is relevant to plaintiff's claims. Defendants' objection is therefor without merit, and they must respond (or provide valid objections) to the identified interrogatories.

    **C.    Requests for Production**

Plaintiff contends that defendants' responses to Production Request Nos. 1, 6, 8, 12, and 14 are false and misleading. The Court finds that defendants' responses are proper with some exceptions.

First, Request No. 6 seeks "documentary evidence including ...Dr. Hakala's personal notes in relation to any examination of plaintiff" which were "maintained in preparation for Dr. Hakala's computer entries," but "sometimes these notes differed from Dr. Hakala's actual computer entries." Defendants objected on the grounds that the requests "contains his opinions and conclusions" and refer plaintiff to 924 pages of produced documents. Defendants state in their memorandum that they produced "over 900 pages of medical records," but they do not explain whether those records included

only the computer-generated records or handwritten notes as well. Any handwritten notes made concurrently during an examination of plaintiff (regarding a problem at issue in this lawsuit) would likely be relevant to this lawsuit, and such notes are therefore discoverable.

Request No. 12 seeks "Outline of any directives, policies, protocols referencing prescription writing procedures for Corizon doctors." The request goes on to state, as an aside, that plaintiff believes there is a conflict between what Corizon has stated to courts in the past and what prisoners experience. Defendants object on the ground that it is not a proper request for documents and that it is overly broad and seeks information neither relevant to the subject matter of the litigation nor reasonably calculated to lead to discovery of admissible evidence. The Court disagrees. Corizon's policies and/or protocol for prescription writing is relevant to plaintiff's claim, and defendants should produce responsive documents. Plaintiff's editorial comments do not render the request invalid.

Finally, the Court notes that plaintiff's Request No. 14 states "Provide the date that Corizon discovered that Plaintiff suffered from chronic kidney disease." Defendants do not object, but they refer plaintiff to the 924 pages of produced documents. Because this question would be more appropriately phrased as an interrogatory, the Court will not require further response.

**D.     Other Discovery Concerns**

Finally, plaintiff questions some perceived irregularities in defendants' responses. He accuses defendants' counsel of having someone else sign her name and send the responses to him — indeed, an attorney at counsel's Chicago office participated in the preparation of the responses and sent the responses to plaintiff. There is nothing untoward about counsel's coordination with other attorneys at her firm.

**II.     Plaintiff's Other Pending Motions**

Plaintiff's motion to appoint counsel will denied without prejudice for the same reasons outlined in the Court's earlier orders denying similar motions. Plaintiff's motion to appoint independent medical experts will also be denied. The Court recognizes that some cases — and perhaps, someday, this case will — require the assistance of medical experts. However, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel Discovery (#52) is **GRANTED** in part and **DENIED** in part as provided herein.

**IT IS FURTHER ORDERED** that defendants shall act in accordance with this memorandum no later than May 20, 2014.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (#51) is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that plaintiff's motion to appoint independent medical experts (#50) is **DENIED**.

Dated this   29th   day of April, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE